**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 26, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

JUAN GABRIEL VARGAS-ADAME,

 Defendant-Appellant.

No. 07-2243

(D.C. Nos. CIV-07-501 JP and
CR-06-454 JP)
(D. New Mexico)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

 Juan Gabriel Vargas-Adame, a federal prisoner appearing pro se, seeks a

certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c)(1) in order to

challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or

correct sentence. Because Vargas-Adame has failed to satisfy the standards for the

issuance of a COA, we deny his request and dismiss the matter.

I.

 On December 15, 2005, a criminal complaint was filed in federal district court

charging Vargas-Adame, a citizen of Mexico, with illegal reentry of a deported alien

---

 [*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

previously convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(1)-(2) and (b)(2). An information containing the same charge was filed on March 6, 2006. On that same date, Vargas-Adame waived indictment and pled guilty to the information. The presentence investigation report (PSR) prepared by the probation office assessed Vargas-Adame ten criminal history points based on his five prior convictions, four of which were related to domestic violence incidents. These criminal history points placed Vargas-Adame in criminal history category V, which combined with his total offense level of twenty-one gave him a guideline range of seventy to eighty-seven months. Defense counsel objected to the PSR, arguing that Vargas-Adame should not have been assessed a criminal history point for an uncounseled conviction. Defense counsel also argued that Vargas-Adame's criminal history was overstated because he was assessed seven criminal history points for two related incidents. The district court conducted a sentencing hearing on May 31, 2006, during which it rejected Vargas-Adame's objections to the PSR. The district court ultimately sentenced Vargas-Adame to seventy months' imprisonment, a term at the bottom of the guideline range.

Slightly less than a year later, on May 21, 2007, Vargas-Adame, appearing pro se, filed a § 2255 motion to vacate, set aside or correct sentence. In his motion, Vargas-Adame alleged that his trial counsel was ineffective for failing to object to three of the criminal history points assessed by the district court, i.e., one criminal history point "FOR AN UNCOUNSELED CONVICTION, AND 2 POINTS . . . FOR A CONSOLIDATED CASE." ROA, Vol. 1, Doc. 1 at 5.

The magistrate judge assigned to the case issued a written report recommending that Vargas-Adame's motion be denied and the case dismissed. The magistrate judge found that Vargas-Adame's trial counsel "did indeed make the very arguments which Vargas Adame claims he did not make," and thus "[t]here [wa]s . . . no ground for finding ineffective assistance of counsel." Id., Doc. 6 at 7. Vargas-Adame filed a written objection arguing that his trial counsel erred at the time of sentencing by "failing to pursue a request for an evidentiary hearing . . . to compel the government to establish" that he "did not have an uncounseled conviction" Id., Doc. 7 at 2. The district court subsequently overruled Vargas-Adame's objection and denied his § 2255 motion. The district court noted that the probation officer, in response to the objections to the PSR filed by Vargas-Adame's trial counsel, filed an addendum to the PSR outlining in detail both the factual and legal bases for imposing a criminal history point for Vargas-Adame's uncounseled misdemeanor conviction. Id., Doc. 8 at 2. The district court also noted that Vargas-Adame did not contest the voluntariness of his guilty plea to the misdemeanor offense or otherwise challenge the constitutionality of that conviction. Id. at 3.

Vargas-Adame filed a notice of appeal and requested that the district court issue a COA. The district court denied Vargas-Adame's request. Vargas-Adame has renewed his request for a COA with this court. He has also filed a motion to proceed on appeal in forma pauperis.

## II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336

3

(2003).  In other words, a federal prisoner may appeal from the denial of a § 2255 motion only if the district court or this court first issues a COA.  28 U.S.C. § 2253(c)(2).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  Id.  In order to make that showing, a federal prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

After carefully examining the record on appeal, we conclude, for substantially the reasons stated in the district court's order of dismissal, that Vargas-Adame has failed to make an adequate showing in this case.  That is, we are persuaded that the district court correctly rejected Vargas-Adame's claim of ineffective assistance, and that no reasonable jurist could conclude otherwise.

The motion for leave to proceed on appeal in forma pauperis and the request for a COA are DENIED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4